**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL FILE NO.** |
| **v.** | **1:14-CR-117-AT-GGB** |
| **BONNIE MONIQUE YOUN,** | **Magistrate Judge Gerrilyn G. Brill** |
| **Defendant.** | |

## FINAL REPORT AND RECOMMENDATION

Defendant, Bonnie Youn, is charged in a superseding indictment with various counts alleging immigration-related fraud, alien harboring, and tampering with a witness.  (Doc. 39).  Pending before the court are the following motions filed by Ms. Youn:

- Motion to Dismiss Count One For Expired Statute of Limitations (Doc. 50);

- Motion for a Bill of Particulars for Count One (Doc. 51);

- Second Motion to Compel Grand Jury Evidence (Doc. 59);

- Motion to Dismiss Counts One and Four as Duplicitous (Doc. 61); and

- Second Motion to Dismiss Counts One and Four for Failure to State an Offense (Doc. 62).

For reasons discussed below, I **RECOMMEND** that these motions be

**DENIED**.

## I.  Background

Count One of the original indictment, (Doc. 1), charged Defendant with

making materially false statements on February 9, 2009, on immigration documents

relating to an alien referred to in the indictment as "C.O.M.P.".  The government and

Defendant entered into a tolling agreement that extended the limitations period for

Count One to April 4, 2014.  The original indictment was returned on April 1, 2014.

(Doc. 1).  Without the tolling agreement, the statute of limitations on this count

would have expired five years after the alleged false statements, on February 10,

2015.

The original Count One did not specify the statements that were allegedly

false.  It charged that on or about February 9, 2009, Defendant:

> did knowingly subscribe as true, statements that were false with respect
> to material facts in applications, affidavits and other documents required
> by the immigration laws and regulations prescribed thereunder, and did
> knowingly present any such applications, affidavits and other
> documents which contained such false statements and which failed to
> contain any reasonable basis in law and fact, all pertaining to an alien to
> the United States, that is, C.O.M.P., in violation of Title 18, United
> States Code, Sections 1546(a) and 2.

(Doc. 1, p. 1).  On May 14, 2014, the government filed a Bill of Particulars.  One of the stated purposes of the Bill of Particulars was to specify the false statements allegedly made by Ms. Youn.  (Doc. 14, p. 1).  The Bill of Particulars provided in relevant part:

> Count One: Defendant YOUN made numerous false statements to Immigration officials in filing the I-140 Petition for Alien Worker, the I-485 Application to Adjust Permanent Residence, and accompanying supporting documents including letters from the Youn Law Group, purported letters of employment from HAN Educational Institute, and the G-325A, Biographic Information.  Evidence at trial will show defendant knew the information submitted to Immigration was false.
>
> Defendant YOUN filed the false statements in the I-140 Petition for Alien Worker on February 9, 2009 on behalf of alien worker C.O.M.P[.] and the accompanying Department of Labor Form ETA 9089. Examples of false statements in the I-140 Petition include listing Asian American Education Foundation of Georgia (AAEFG), d/b/a/ Han Educational Institute as C.O.M.P.'s prospective employer; Part 6 of I-140 application listing, among other things, C.O.M.P.'s job as school staff accountant and job description; C.O.M.P's address in Georgia; YOUN's letter accompanying the I-140 which states that in 2007 C.O.M.P. was employed with Han Education and paid a salary of $45,219.00. The U.S. Department of Labor ETA From 9089, referenced in YOUN's February 2009 letter and sent to Immigration by YOUN in support of the I-140 application, lists a fraudulent address in Duluth, GA for C.O.M.P.
>
> Defendant YOUN filed false statements in the I-485 Application to Register Permanent Residence or Adjust on February 9, 2009 on behalf of alien worker C.O.M.P.  Examples of false statements in the I-485 Application include in Part 3., answering "no" to the question whether C.O.M.P. had ever "knowingly committed any crime of moral turpitude

or a drug-related offense for which you have not been arrested," when YOUN knew the provision of AAEFG as an employer was false and a crime of moral turpitude; the provision of C.O.M.P.'s address on the I-485 and the G-325A as Suwannee, GA when YOUN knew C.O.M.P. lived in Louisiana.

On May 20, 2014, after receiving the Bill of Particulars, Defendant filed a preliminary motion to dismiss Count One. (Doc. 17). One of Defendant's grounds for that preliminary motion was that Count One did not fairly inform Ms. Youn of the charges against her. (Id., p. 3). In her motion, Youn requested transcripts of the testimony and the other evidence presented to the grand jury. (Id.).

Ms. Youn also filed a motion for a more specific Bill of Particulars because the government's original Bill of Particulars gave "examples of" false statements, raising the possibility that other false statements could be brought up at trial resulting in prejudicial surprise. (Doc. 15, p. 6). On May 23, 2014, the government filed an Amended Bill of Particulars that listed each of the false statements allegedly made by Ms. Youn and the documents on which they were made. (Doc. 19).

On July 17, 2014, Ms. Youn filed three separate motions to dismiss Count One, alleging that Count One: (1) should be dismissed because it was duplicitous, (Doc. 26); (2) was indicted after the statute of limitations had expired, (Doc. 27); and (3) failed to state an offense, (Doc. 28). The government's response conceded that Count

4

One was fatally flawed because it failed to specify the false statements made by Defendant.  (Doc. 31, p. 1).  The government requested that the other motions to dismiss Count One be denied as moot because the government was agreeing to dismiss Count One on the ground that it failed to state an offense.   The government stated that it intended to seek a superseding indictment, and any challenges to the new indictment could be raised after the superseding indictment was returned.  (Id., pp. 2-3).

I recommended that the motion to dismiss Count One for failure to state an offense be granted and that the remaining motions to dismiss be denied as moot. (Doc. 32).  The district court adopted my recommendation, and dismissed Count One of the indictment on September 30, 2014, for failure to state an offense.

The government obtained a superseding indictment on January 27, 2015.  (Doc. 39).   The defendant filed a new set of motions including a  motion contending that the statute of limitations has expired as to Count One.

## II.    Motion to Dismiss Count One For Expired Statute of Limitations (Doc. 50)

The statute of limitations for the offense charged in Count One is five years, and the superseding indictment was returned more than five years after the alleged offense.   The government relies on the tolling provision of 18 U.S.C. § 3288, which

5

gives the government an additional six months to obtain a new indictment when an indictment has been dismissed after the statute of limitations has expired.  Section 3288 provides:

> Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment or information filed after the defendant waives in open court prosecution by indictment is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations.

18 U.S.C. § 3288.

Ms. Youn relies on case law which holds that the limitations period will be tolled under § 3288 only "if the charges and allegations in the new indictment are substantially the same as those in the original indictment."  United States v. Italiano, 894 F.2d 1280, 1282 (11th Cir. 1990) ("Italiano II").  As explained in Italiano II, "an untimely indictment can only be saved by the section 3288 exception if it does not broaden or substantially amend the original charges 'tolled' by the previous indictment."  Italiano II, 894 F.2d at 1283.

6

Italiano's conviction came as a result of charges that he participated in a scheme to deprive the citizens of a Florida county of the honest services of the Board of County Commissioners in violation of the mail fraud statute.  After his conviction, the Supreme Court held in <u>McNally v. United States</u>, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987),[1] that the mail fraud statute did not protect citizens from the fraudulent deprivation of intangible rights, but only from the fraudulent taking of money or property.  On appeal of Mr. Italiano's conviction, the Eleventh Circuit held that the indictment against him was "fatally flawed" because it failed to allege that the victim of the scheme to defraud was deprived of  money or property. <u>United States v. Italiano</u>, 837 F.2d 1480, 1483 (11th Cir. 1988) ("<u>Italiano I</u>").

Within six months of the dismissal of the original indictment,  but after the five-year statute of limitations had expired, Mr. Italiano was re-indicted.  The new indictment alleged that Italiano's participation in the bribery scheme defrauded the County of property in the form of a cable television franchise.  Mr. Italiano was tried and convicted on the second indictment.  Testimony at both trials focused on Italiano's role in a scheme to bribe the County commissioners in order to obtain a

---

[1] Portions of <u>McNally</u> are no longer good law.  <u>See</u> <u>Skilling v. United States</u>, 561 U.S. 358, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010).  I cite to <u>McNally</u> only to explain <u>Italiano</u>'s procedural history, not for any legal holding.

cable television franchise for a particular company.  On appeal of the conviction on the second indictment, Italiano alleged that the statute of limitations had expired and that the new indictment was not saved by Section 3288.  Italiano II, 894 F.2d at 1283.

The Eleventh Circuit affirmed the second conviction. In doing so, the Court recognized that an untimely indictment can only be saved by the Section 3288 exception if it does not broaden or substantially amend the original charges "tolled" by the previous indictment.  The court stated that "the crucial inquiry is whether approximately the same facts were used as the basis of both indictments." Id. at 1285.

Mr. Italiano, as does Ms. Youn, relied on United States v. O'Neill, 463 F. Supp. 1205 (E.D. Pa. 1979).  In O'Neill, the first indictment charged that O'Neill falsely represented to a bank that the insurance policies submitted as security for a loan were in full force and effect.  In contrast, the second indictment charged that O'Neill falsely represented to the bank that the insurance policies submitted as security had a future cash surrender value and that they had been assigned to him. The O'Neill court held that the two indictments were too dissimilar for the second indictment to be saved by Section 3288 because the first and second indictments were based on different false statements and would require different proof.

8

The Eleventh Circuit in <u>Italiano II</u> found that <u>O'Neill</u> could be easily distinguished because the superseding indictment in that case involved a different false statement from the two false statements described in the first indictment. <u>Italiano II</u> noted that Mr. Italiano "was aware from the first indictment that he was on trial for his part in the scheme to bribe the commissioners to vote for Coaxial as the recipient of the cable television franchise." <u>Italiano II</u>, 894 F.2d at 1285.

Here, although the first indictment did not specify the false statement, it did allege, as did the second indictment, that the false statements were made on February 9, 2009, that they were made in documents required by immigration laws, and that they were related to an alien to the United States referred to as "C.O.M.P." More importantly, Count One of the first and second indictments were always based on the same set of underlying facts, namely that on February 9, 2009, Ms. Youn presented to Immigration Authorities, documents related to an alien referred to as "C.O.M.P." that falsely represented that C.O.M.P. was working at Asian American Education Foundation of Georgia, Inc. d/b/a Han Educational Institute. Despite the fatal lack of specificity in the first indictment, Ms. Youn was given a Bill of Particulars after the first indictment that described in detail the government's theory of the case that is the same as its current theory of the case, i.e., that she presented false statements with

9

respect to C.O.M.P.'s employment to immigration authorities.  Thus, this case is more similar to Italiano II than it is to O'Neill.

Italiano II and cases cited therein heave held that Section 3288 is available to correct legal defects.  For example, United States v. Beard, 414 F.2d 1014, 1017 (3d Cir. 1969), cited with favor in Italiano II, 894 F.2d at 1286, n.10, implied that § 3288 allows reindictment after an indictment is dismissed for failure to allege an element of the crime.  In sum, applying the standards set forth in Italiano II to the facts of this case, I find that the superseding indictment against Ms. Youn was timely due to the tolling agreement and Section 3288 which allowed reindictment after the first indictment was dismissed for failure to state an offense.

## III.   **Motion for Bill of Particulars for Count One** (Doc. 51)

Defendant filed a Motion for Bill of Particulars for Count One after the return of the superseding indictment.  That motion requested the government to identify the specific alleged false statements and each of the "applications, affidavits and other documents" on which such statement or statements was made.

In response, the government filed an Amended Bill of Particulars on June 3, 2015.  (Doc. 65).  The Amended Bill of Particulars identified the following documents as those on which Count One was based:

10

> Form I-140, Immigrant Petition for Alien Worker, submitted on February 9, 2009 by defendant Youn. The entire submission contained the following supporting documents: the U.S. Department of Labor ETA Form 9089; an accompanying letter from the Youn law firm which is dated February 6, 2009; the Employer's Letter of Support, which is dated March 11, 2010; and the 2007 Tax Return with W-2 for C.O.M.P.

(Id., p. 1-2).  The Amended Bill of Particulars stated that all of these documents contained false statements or comprised false submissions by Youn and E.B.S. that C.O.M.P. was working at Asian American Education Foundation of Georgia, Inc., d/b/a, Han Educational Institute.  (Id.).

The Amended Bill of Particulars sufficiently complied with Defendant's Motion for Bill of Particulars.  To the extent that Defendant contends that it was not sufficiently specific, her motion is without merit.

**IV.   <u>Second Motion to Compel evidence presented to the grand jury</u> (Doc. 59)**

Defendant's Second Motion to Compel Evidence presented to the grand jury, (Doc. 59), was filed on May 18, 2015.  In its response, the government stated that it would voluntarily provide a copy of the case agent's grand jury testimony in support of the first superseding indictment.  (Doc. 66, p. 14).  Defendant did not file a reply indicating that the government's response was insufficient to comply with

11

Defendant's Second Motion to Compel.  Therefore, I will assume that the Second Motion to compel evidence presented to the grand jury should be denied as moot.

## V.    <u>Motion to Dismiss Counts One and Four as duplicitous</u> (Doc. 61)

The government has agreed to dismiss Count Four.  (Doc. 66, p. 3).  Therefore, Defendant's Motion to Dismiss Count Four is moot.

Defendant argues that Count One of the superseding indictment is duplicitous. A count in an indictment is duplicitous if it charges two or more "separate and distinct" offenses.  <u>United States v. Schlei</u>, 122 F.3d 944, 977 (11th Cir. 1997); <u>United States v. Burton</u>, 871 F.2d 1566, 1573 (11th Cir. 1989).  Defendant contends that Count One is duplicitous because (1) it does not identify the specific documents that were required by immigration laws and which contained false statements, (Doc. 62, p. 4); and (2) it does not identify a single, specific false statement, (Doc. 62, p. 8).

Count One of the superseding indictment charges that on or about February 9, 2009, Ms. Youn made false statements:

> in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, and did knowingly present to United States Citizenship and Immigration Services, Department of Homeland Security such applications, affidavits and other documents which contained such false statements, namely that

12

> C.O.M.P., an alien to the United States, was working at Asian American Education Foundation of Georgia, Inc. d/b/a Han Educational Institute, which statement failed to contain any reasonable basis in law and fact, as C.O.M.P. did not work at Asian American Education Foundation of Georgia, Inc. d/b/a Han Educational Institute, all in violation of Title 18, United States Code, Section 1546(a) and Title 18, United States Code, Section 2.

(Doc. 39, p. 1-2).

The fact that Count One does not identify the specific documents on which the false statements were allegedly made does not support the allegation that the Count charges more than one offense.  Indeed, if the indictment contained separate counts for each separate document that was submitted to the same government department on February 9, 2009, all of which contained a false statement about C.O.M.P.'s employment, the indictment likely would have been subject to attack as being multiplicitous.[2]  In United States v. Molinares, 700 F.2d 647, 653 (11th Cir. 1983), the Eleventh Circuit held, in prosecution under analogous 18 U.S.C. § 1623, which criminalizes in-court perjury, that each statement that requires "different factual proof of [its] falsity" is a separate crime.  In United States v. Sahley, 526 F.2d 913, 918 (5th Cir. 1976), a binding pre-Circuit split case, the former Fifth Circuit held that, under

---

[2] "An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Howard, 918 F.2d 12529, 1532 (11th Cir. 1990), citing Ward v. United States, 694 F.2d 654, 660-61 (11th Cir.1983).

18 U.S.C. § 1014, which criminalizes a false statement in a loan application, several false allegations in one financial statement targeting one loan could only be prosecuted as one offense.

The subject matter of Count One is the false assertions on February 9, 2009 regarding C.O.M.P.'s employment. (See Doc. 39).  It does not appear that the Eleventh Circuit has reached an explicit holding on the unit of prosecution in a prosecution under 28 U.S.C. § 1746.  However, based on its holdings under other similar statues, an indictment charging false assertions concerning C.O.M.P.'s employment on the same date in separate counts would be multiplicitous.  At least one other circuit has acknowledged this possibility for the specific statute in question.  See United States v. Wu, 419 F.3d 142, 147 (2d Cir. 2005).

Nevertheless, even if separate charges would not be multiplicitous, the indictment as charged is still not duplicitous.  Defendant argues that, as written, the indictment would allow the government to present proof of distinct false statements on multiple unidentified documents, allowing a jury to convict without reaching unanimity on any one false statement.  (Doc. 61, p. 5).  Defendant's concern is unfounded.  Should the government proceed in that fashion, any risk that the jury's verdict would not be unanimous can be cured with appropriate instructions from the

district judge to the jury in advance of the jury's deliberations.  See e.g., United Sates v. Robinson, 627 F.3d 941, 958 (4th Cir. 2010) ("It is black letter law that duplicitous indictments can be cured through appropriate jury instructions."); United States v. Mauskar, 557 F.3d 219, 226-27 (5th Cir. 2009) (unanimity instruction held to guard against a non-unanimous verdict); United States v. Savoires, 430 F.3d 376 (6th Cir. 2005) (same); see also United States v. Vernon, 723 F.3d 1234, 1261-62 (11th Cir. 2013) (while not holding that indictment was, in fact, duplicitous, explaining that any apparent duplicity can be cured by the presented evidence and proper jury instructions).

Defendant recognizes this line of cases, but argues that the court cannot save the allegedly duplicitous counts through a jury instruction concerning unanimity because the indictment is not specific enough as to the false statements or the documents on which they were made.  (Doc. 61, p. 6).  This argument is essentially an attack on the sufficiency of the indictment and is more appropriately addressed in the discussion below regarding Defendant's Motion to dismiss for failure to state an offense, in which Defendant contends that the indictment is fatally non-specific.

## VI.   Second Motion to dismiss Counts One and Four for failure to state an offense  (Doc. 62)

As stated previously, the government has agreed to dismiss Count Four. (Doc. 66, p. 3).  Therefore, Defendant's Motion to Dismiss Count Four is moot and the court will proceed to address her motion to dismiss Count One.

Defendant contends that Count One fails to state an offense because: (1) it fails to identify any specific "application, affidavit, or other document required by the immigration laws or regulations" that contained false statements, (Doc. 62, p. 4); and (2) it does not identify a specific false statement. (Doc. 62, p. 8).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  Whether an indictment is sufficient is a question of law. "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."  United States v. Wayerski, 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002)); United States v. McNair, 605 F.3d 1152, 1185

16

(11th Cir. 2010).  In "analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations."  Wayerski, 624 F.3d at 1349 (quoting United States v. Poirier, 321 F.3d 1024, 1029 (11th Cir. 2003). "It is well established in this Circuit that an indictment is sufficient if it tracks the language of the statute and provides a statement of facts that gives notice of the offense to the accused." McNair, 605 F.3d at 1186.

Count One tracks the statutory language of 18 U.S.C. § 1546(a).  In addition to charging the statutory language, Count One apprises Defendant of the date of the alleged offense (on or about February 9, 2009), the specific department to which the documents required by immigration laws and regulations were presented (United States Citizenship and Immigration Services, Department of Homeland Security), and the content of the false statement that was contained in the documents ("that C.O.M.P., an alien to the United States was working at Asian American Education Foundation of Georgia, Inc. d/b/a/ Han Educational Institute").

As an initial matter, I note that contrary to Defendant's argument, Count One does identify the alleged false statement that was made in the documents.  As stated above, Count One alleges the false statement to be "that C.O.M.P., an alien to the

17

United States was working at Asian American Education Foundation of Georgia, Inc. d/b/a/ Han Educational Institute."

Defendant complains that the false statement alleged in the indictment is not an exact quote from the documents that she is alleged to have submitted. However, there is no requirement that the indictment quote verbatim the purported misrepresentation. See United States v. Bartle, 835 F.2d 646, 649 (6th Cir. 1987). In Bartle, the Sixth Circuit rejected a defendant's argument that there was a fatal variance between the indictment and the proof at trial because the false statement that was proven did not exactly match the false statement alleged in the indictment. The court held that it was sufficient if the indictment describes the alleged false statement in such a way that distinguishes it from any other statements made by the defendant. The court stated that there is "no requirement that we take the excessively literalist tack urged by Bartle of treating the summary language of the indictment as a direct quote, and superimposing the indictment's language over Bartle's actual statement to insure a perfect match." Id.

Youn argues that Bartle can be distinguished because the indictment in that case identified the specific document on which the false statement was made. However, I do not find that distinction to be material to the court's decision in Bartle.

18

In any event, as discussed below, the government has, in a Bill of Particulars, identified for Ms. Youn, the specific documents on which it will base its case at trial. Any variance from the information provided in the Bill of Particulars can be brought to the attention of the district court at trial.

Although Count One does not identify the specific "applications, affidavits and other documents" that were presented, I do not interpret the law to require dismissal of the Count on this basis. The indictment specifies that the charge is based on documents required by immigration laws, presented by Defendant to a specific government agency, on a specific date, and which contained a specific false statement. The indictment contains all of the elements of the offense, sufficiently notifies Ms. Youn of the charges to be defended against, and enables her to rely upon a judgment under the indictment as a bar against double jeopardy in any subsequent prosecution. Thus, any omission does not deprive her of one of the protections which the guaranty of a grand jury indictment was meant to ensure. Cf. Russell v. United States, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1046-47, 8 L.Ed.2d 240 (1962).

Moreover, as previously stated, the government has, in a bill of particulars, identified for Defendant the specific documents on which it will rely at trial to prove Count One. While a bill of particulars does not cure an indictment that omits an

essential element of the offense, it can be used to fill in facts in an indictment that is otherwise generally sufficient.  See United States v. Bryant, No. 13-cr-14, 2013 WL 3423275 (E.D. Wis. 2013).  In fraud cases in other district courts where the indictment has failed to identify specific documents on which the prosecution is based, courts have ordered the government to provide a bill of particulars identifying the specific documents that the government contends are fraudulent.  See United States v. Shteyman, No. 10cr347, 2011 WL 2006291, *3 (E.D.N.Y.) (citing United States v. Bortnovsky, 820 F.2d 572, 574-75 (2d Cir.1987)); United States v. Sampson, 448 F.Supp.2d 692, 696 (E.D.Va. 2006); United States v. Kopp, No. 89-264, 1989 WL 158864, *3-*4  (D.N.J. 1989).  These cases suggest that an indictment that does not specify the documents on which the alleged false statements were made is not fatally flawed, and that any notice problem can be cured by a bill of particulars.

In her reply memorandum, (Doc. 70), Defendant argues that none of the specific documents listed in the Amended Bill of Particulars was presented to, read, or submitted as evidence to the grand jury.  She states that the only document referenced in the grand jury testimony presented in support of Count One was an "I-40" which is not even listed in the Amended Bill of Particulars.  The transcript of

20

the grand jury testimony reflects that the prosecutor, Ms. Coppedge,  referred to an
"I-40" submitted on February 9.  (Doc. 70-1, p. 11-12).  However, the Amended Bill
of Particulars lists a "Form I-140, Immigration Petition for Alien Worker," which
contained numerous (and specifically identified) supporting documents.  Defendant's
counsel states that the government counsel has informed him that the reference in the
grand jury transcript  to "I-40" rather than "I-140" is a typographical error.  (Doc. 70,
p. 3, n. 2).

Whether a misstatement or a typographical error, the result is the same.  It
would be of no import that an exhibit presented to the grand jury was referred to as an
"I-40" rather than an "I-140" or if the documents were not specifically presented to
the grand jury.  In other portions of the grand jury transcript, the witness refers to an
"I-140."  (Doc. 70-1, p. 20, 29).  More importantly, it is well settled that an
indictment is not subject to challenge on the ground that the grand jury acted on the
basis of inadequate or incompetent evidence.  See, e. g., United States v. Calandra,
414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974); Costello v. United
States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Newcomb,
488 F.2d 190 (5th Cir. 1974).

VII.  **Conclusion**

For reasons discussed above, I recommend that all of the pending motions

(Docs. 50, 51, 59, 61 and 62) be **DENIED**.  There are no pending matters before me.

It is **ORDERED AND ADJUDGED** that this action be declared **READY FOR**

**TRIAL**.

**SO RECOMMENDED** this 30th day of  June, 2015.

_Gerrilyn G. Brill_
GERRILYN G BRILL
UNITED STATES MAGISTRATE JUDGE

22