IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>BONNIE MONIQUE YOUN, :<br>:<br>Defendant. : | CRIMINAL ACTION NO.<br>1:14-cr-0117-AT |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 74] recommending the denial of the following pending motions:

- Motion to Dismiss Count One For Expired Statute of Limitations (Doc. 50);

- Motion for a Bill of Particulars for Count One (Doc. 51);

- Second Motion to Compel Grand Jury Evidence (Doc. 59);

- Motion to Dismiss Counts One and Four as Duplicitous (Doc. 61); and

- Second Motion to Dismiss Counts One and Four for Failure to State an Offense (Doc. 62).

The Defendant filed objections to the R&R [Doc. 78].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objected on numerous substantive grounds to the Magistrate Judge's Report and Recommendation in a well-presented brief. Accordingly, the Court has reviewed the record and pending motions in this case on a de novo basis.

After an independent de novo review of the record, the Court finds that the Magistrate Judge's legal analysis in the R&R and her recommendation that Defendants' motions be denied are correct.[1] The Court, nevertheless, is alert to the problem that the Government may seek to introduce evidence at trial in support of Count One in the superseding indictment which exceeds the reasonable scope of the facts relied upon by the Government in charging the original indictment, as reflected by the indictment and associated bills of particulars. The scope of Count One in the superseding indictment at trial must be construed as limited to "approximately the same facts" relied upon by the Government in proceeding with the original indictment's version of Count One and which the Government gave Defendant notice of via the indictment and bills

---

[1] With respect to Defendant's motion to dismiss Count Four as duplicitous, the Magistrate Judge notes that the motion is moot based on the Government's representation that it would dismiss Count Four. The Government is **DIRECTED** to proceed to dismiss Count Four consistent with that representation.

of particulars. *United States v. Italiano*, 894 F.2d 1280, 1286 (11th Cir. 1990). Thus, the Government cannot rely upon supplemental factual allegations as to Defendant's alleged visa fraud as a basis for its prosecution of Count One in the superseding indictment that might unlawfully expand the scope of Count One in the original indictment. *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001). In the event the Government seeks to introduce any statements or documents beyond the scope of the amended bill of particulars issued in connection with the original indictment (Doc. 19), it must offer such evidence at trial consistent with the requirements of Fed.R.Evid. 404(b).

Accordingly, the Court **OVERRULES** Defendant's objections [Doc. 78]; **ADOPTS** the Magistrate Judge's R&R [Doc. 74]; and **DENIES** Defendant's Motions [Docs. 50, 51, 59, 61, 62]. The trial in this action is hereby set to begin on Monday, November 30, 2015, at 9:30 AM in Courtroom 2308. The pretrial conference will be held on Friday, November 20, 2015, at 2:30 PM in Courtroom 2308. By noon on Thursday, November 12, 2015, the parties are to file the following: motions in limine and proposed voir dire questions. By noon on Thursday, November 12, 2015, the Government must file a brief summary of the indictment that the parties can rely on for voir dire. By noon on Wednesday, November 18, 2015, the parties are to file any objections to those items listed above.

Excludable time is allowed through November 30, 2015, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

It is so **ORDERED** this 2nd day of November, 2015.

_____
Amy Totenberg
United States District Judge